

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. C. Reaves
County Auditor, Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-5672
Re: Whether Grayson County
is liable to the justice
of the peace for fees in
holding examining trials
where indictments are re-
turned, but upon final dis-
position in the District
Court the defendant is
given a fine or jail sen-
tence, or both fine and
jail sentence.

Your letter of October 9, 1943, requesting the opinion of this department on the questions stated therein reads, in part, as follows:

"Please furnish me a written opinion on the following:

"Is Grayson County, Texas, liable to the Justice of the Peace for fees in holding Examining trials where indictments are returned, but upon final disposition in the District Court the defendant is given a fine or jail sentence, or both fine and jail sentence, thereby reducing same below a felony?

"* * *

"Grayson County has paid Justice of the Peace for examining trial fees since January 1, 1936, under Art. 1019, C. C. P., on the same basis as the State previously paid these fees, as directed by the last paragraph of Section 17 of the Salary Bill, but has not paid any cases that were reduced to a fine or jail sentence upon final disposition.

Honorable R. C. Heaves, page 2

"In regard to the above information, if Grayson County is liable to the Justice of the Peace for holding examining trials in misdemeanor cases, and if the Justice of the Peace is not an 'Officer of the Court' under art. 1055, C. C. P., what fund could such fees be paid from, and in what cases should he receive his fee in total and which cases should he receive half-fees? * * *"

Generally speaking, offenses are divided into felonies and misdemeanors. (Article 47, Vernon's Annotated Penal Code of Texas; Russell v. State, 36 S. W. 1070) The Code, (Art. 47, supra) definitions are as follows:

"An offense which may - not must - be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor."

Under the above provision, an offense is a felony when it may be punished by death or by confinement in the penitentiary, though a lesser punishment may be provided in the alternative; or, stated in another way, if punishment is prescribed alternatively, and one of the alternatives is death or confinement in the penitentiary, the offense is necessarily a felony,though, the jury is at liberty to inflict some milder punishment, and actually do so. (Woods v. State, 10 S. W. 108; Smith v. State, 29 S. W. 350)

The last paragraph of Section 17, Article 3912e, Vernon's Annotated Civil Statutes of Texas, provides:

"In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the county out of the Officers Salary Fund, such fees and commissions as would otherwise be paid him by the State for such services."

Honorable R. C. Neaves, page 3

The county officials of Grayson County are compensated on an annual salary basis and the precinct officers of said county are compensated on a fee basis.

Article 1019, Vernon's Annotated Code of Criminal Procedure, reads as follows:

"If the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail, or convicted of a misdemeanor, no costs shall be paid by the State to any officer. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases."

Article 1020, Vernon's Annotated Code of Criminal Procedure, provides, in part:

"In each case where a county judge or a justice of the peace shall set as an examining court in a felony case, they shall be entitled to the same fees allowed by law for similar services in misdemeanor cases to justices of the peace, and ten cents for each one hundred words for writing down the testimony, to be paid by the State, not to exceed three and no/100 ($3.00) dollars for all of his services in any one case.

"* * * the fees mentioned in this article shall become due and payable only after the indictment of the defendant for any offense based upon or growing out of the charge filed in the examining court and upon an itemized account, sworn to by the officers claiming such fees, approved by the judge of the District Court, and said county or district attorney, shall present to the District Judge the testimony transcribed in the examining trial, who shall examine the same and certify that he has done so and that he finds the testimony of one of more witnesses to be material; and provided further that a certificate

Honorable R. C. Neaves, page 4


from the District Clerk, showing that the written
testimony of the material witnesses has been filed
with said District Clerk, in accordance with the
preceding paragraph, shall be attached to said ac-
count before such district or county attorney shall
be entitled to a fee in any felony case for services
performed before an examining court. * * *"


        Article 1027, Vernon's Annotated Code of Criminal
Procedure, reads as follows:


        "In all cases where the defendant is in-
dicted for felony but under the indictment he may
be convicted of a misdemeanor or a felony, and the
punishment which may be assessed is a fine, jail
sentence or both such fine and imprisonment in jail,
the State shall pay no fees to any officer, except
where the defendant is indicted for the offense of
murder, until the case has been finally disposed
of in the trial court. Provided the provisions of
this article shall not be construed as affecting in
any way the provisions of Article 1019, Code of Criminal
Procedure, as amended by Chapter 205, General Laws,
Regular Session, 42nd Legislature; provided this
shall not apply to examining trial fees to county
attorneys and/or criminal district attorneys."


        Considering Articles 1019-1020, and 1027, Vernon's
Annotated Code of Criminal Procedure, and Section 17 of Article
3912e, Vernon's Annotated Civil Statutes, and the case of Ex parte
Shaffer, 92 S. W. (2d) 250, it is our opinion that where a defen-
dant is indicted for a felony and upon conviction his punishment
is by fine or confinement in the county jail, or by both such fine
and confinement in the county jail, or convicted of a misdemeanor,
Grayson County is not liable to the justices of the peace who are
compensated on a fee basis, for holding examining trials in such
cases.

We now consider your second question. In Opinion No. O-4091 this department held that Article 1071, Vernon's Annotated Code of Criminal Procedure, is in violation of Article 5, Section 11 of our State Constitution and, therefore, unconstitutional. A copy of said opinion is enclosed herewith for your convenience.

In Opinion No. O-4924 this department held, among other things, that Article 1055, Vernon's Annotated Code of Criminal Procedure, has no application to fees due the justices of the peace and county judges for their services in trying and finally disposing of criminal cases inasmuch as they are entitled to full fees from the county under Article 1052, Vernon's Annotated Code of Criminal Procedure, for each criminal action tried and finally disposed of, irrespective of the collection of or satisfaction of the judgment they render. A copy of that opinion is also enclosed herewith.

It is our opinion that neither Article 1055 nor Article 1052, Vernon's Annotated Code of Criminal Procedure, has any application whatsoever to fees in examining trials. Therefore, in view of what has heretofore been said, it is apparent that your second question becomes moot and requires no further discussion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP

Encl.


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN